UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61661-CIV-COOKE/TURNOFF

GLENN HERMAN,

    Plaintiff
vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## OMNIBUS ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND

THIS CAUSE is before me upon Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss (ECF No. 3) and Plaintiff Glenn Herman's Motion to Remand (ECF No. 7). I have reviewed the record, the motions and the relevant legal authorities. For the reasons explained below, both motions are denied.

### BACKGROUND

On October 1, 2004, Hartford Life and Accident Insurance Company ("Hartford") issued a long-term disability plan (the "Disability Plan") and policy to Tweeter Home Entertainment Group, Inc. ("Tweeter Home"). At all times relevant to the facts at issue, Plaintiff Glenn Herman ("Herman") was employed by Tweeter Home and covered under the Hartford/Tweeter Home insurance policy. Herman suffers from an arteriovenous malformation in the brain. On July 11, 2005, Herman had surgery to remove a portion of the malformation, leaving Herman disabled. On May 4, 2007, Tweeter Home issued a Coverage Certificate Report to Hartford on Herman's long-term disability benefits claims. Hartford approved Herman's claims and issued disability payments in the amount of $661.25 per month, beginning on July 29, 2007. In or

about July 2010, Hartford adjusted and reduced Herman's disability payments to $50.00 per month to account for the individual disability benefits Herman received from the Social Security Administration.

On August 16, 2010, Herman filed a two-count complaint against Hartford in Florida state court. Count I alleges that Hartford acted in bad faith when it failed to properly pay health benefits under the plan. Count II seeks a declaratory judgment that Hartford is obligated to pay Herman $661.25 per month in disability insurance benefits. On September 9, 2010, Hartford removed the case to this Court pursuant to 28 U.S.C. § 1441(b), asserting federal question jurisdiction under 28 U.S.C. § 1331, because Herman's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (ERISA). (*See* ECF No. 1). Hartford simultaneously filed a motion to dismiss, challenging Herman's failure to exhaust administrative remedies prior to initiating this action. (ECF No. 3). In response, Herman filed a motion to remand, challenging ERISA's applicability to his claims.

### LEGAL STANDARDS

A complaint "must contain … a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss." *Twombly*, 550 U.S. at 570. When considering a motion to

2

dismiss, the court must accept the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A defendant may remove an action to a U.S. District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District Courts have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (citations omitted). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## DISCUSSION

ERISA regulates the Disability Plan at issue. Tweeter Home established and maintained the Disability Plan for the purpose of providing disability benefits to plan participants or their beneficiaries. *See Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982) (citing 29 U.S.C. § 1002(1)). ERISA allows a plan "participant or beneficiary" to bring a civil action to recover benefits due under the terms of a plan. 29 U.S.C. § 1132(a)(1)(B). To ensure its comprehensive application, ERISA includes a preemption provision that "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law claims seeking relief available under § 1132(a) are re-characterized as ERISA claims and therefore "arise under" federal law. *Kemp v. Int'l Bus. Machines Corp.*,

109 F.3d 708, 712 (11th Cir. 1997) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-67 (1987). Therefore, this Court has exclusive subject matter jurisdiction over Herman's claims.

Hartford argues that the complaint should be dismissed because Herman failed to exhaust the administrative remedies required to protect his right to sue under 29 U.S.C. § 1132(a)(1)(B). It is well established that an ERISA plaintiff must exhaust available administrative remedies required under his ERISA-governed plans prior to bringing suit in federal court. *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990). A plaintiff's failure to exhaust his administrative remedies requires dismissal of all ERISA claims. *Id*. A district court may, however, excuse the exhaustion requirement when the administrative remedies would prove to be futile or inadequate. *See Counts v. Amer. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). The Disability Plan provides a detailed appeals process for when a claim for benefits is denied. The Disability Plan does not, however, set forth any equivalent procedural requirements for challenging an adjustment of benefits. There are no administrative remedies that preclude Herman from maintaining this cause of action.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Hartford's Motion to Dismiss (ECF No. 3) is **DENIED** and Herman's Motion to Remand (ECF No. 7) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 15th day of April 2011.

_____
MARCIA G. COOKE
United States District Judge